**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA            PLAINTIFF

v.       NO. 4:08CR00081-01 JLH

ANTONIO SANDOVAL CRUZ            DEFENDANT

**OPINION AND ORDER**

Antonio Sandoval Cruz has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As grounds for relief, he alleges that his lawyer was ineffective for failing to advise him of the consequence of objecting to the presentence report and for failing to request a departure or a variance based on the fact that this district does not have a fast-track program. He also alleges that the Court violated his rights to due process at sentencing because the Court did not consider that he is an alien facing removal proceedings, which will result in him serving more time in prison than a United States citizen who committed the same offense with equal culpability.

Cruz was charged in two counts of a three-count indictment. He was charged in Count One with conspiracy to possess with intent to distribute at least 50 grams but less than 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He was charged in Count Three with possession with intent to distribute at least 50 grams but less than 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Pursuant to a written plea agreement, Cruz pled guilty to Count Three, and the conspiracy charge was dismissed. In the plea agreement, the parties stipulated that the quantity of methamphetamine was at least 200 grams but less than 350 grams; that Cruz would be eligible for a two-point reduction for acceptance of responsibility as long

as he did not act in a manner contrary to acceptance prior to sentencing; that the government would file a motion for the third-point reduction; that neither party would seek any enhancements or reductions in sentence under U.S.S.G. §§ 3B or 5K other than those stated in the agreement; and that neither party would seek a variance from the guideline range. The stipulation as to quantity was based upon the fact that 8 ounces (226.8 grams) of methamphetamine were found in Cruz's possession when he was arrested immediately after consummating a purchase of methamphetamine from a co-defendant.

Despite the fact that Cruz was found in possession of 226.8 grams of methamphetamine, and despite the fact that he had stipulated in the plea agreement that the quantity was between 200 and 350 grams, after the Court accepted his plea, Cruz told the probation officer during the interview for the presentence report that he should be held responsible only for one gram or $100 worth of methamphetamine. Consequently, the presentence report provided that Cruz would receive no reduction in the offense level for acceptance of responsibility. At the sentencing hearing, Cruz objected, among other things, to the finding in the presentence report that he was responsible for 226.8 grams and to the failure to award points for acceptance of responsibility. Because Cruz had stipulated to a quantity of more than 220 grams in his plea agreement, the Court overruled his objection to the quantity; and, because his objection to the quantity was contrary to his guilty plea, the Court declined to give him any reduction for acceptance of responsibility.

Since Cruz was held responsible for more than 200 grams but less than 350 grams of a mixture or substance containing methamphetamine, his base offense level under U.S.S.G. § 2D1.1 was 28. As there was no reduction for acceptance of responsibility and no other enhancements or adjustments, his final offense level also was 28. Cruz had a criminal history category of II. Based

on an offense level of 28 and a criminal history category of II, the guideline range for Cruz's sentence was 87 to 108 months imprisonment. The Court sentenced Cruz to 87 months imprisonment. Cruz appealed his sentence to the United States Court of Appeals for the Eighth Circuit, arguing that the Court erred in refusing to grant him a two-level reduction for acceptance of responsibility. The Eighth Circuit affirmed.

As noted, Cruz contends that his lawyer was ineffective in two respects. First, he contends that she was ineffective because she failed to inform him of the consequences of objecting to the quantity of methamphetamine for which he was held responsible in the presentence report. Second, he contends that she was ineffective for failing to seek a departure or a variance based on the fact that this district does not have a fast-track program.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). When the claim of ineffective assistance of counsel arises out of the plea process, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. An increased prison term may constitute prejudice under the *Strickland* standard. *Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

The Court granted Cruz an evidentiary hearing on the issue of whether he was informed of the consequences of objecting to the quantity of methamphetamine for which he was held responsible. At the hearing, Cruz testified, as did his lawyer, Sara Merritt. Cruz testified that Merritt never informed him that if he objected to the quantity of methamphetamine for which he was being held responsible his acceptance of responsibility points could be withdrawn. Merritt testified that she told Cruz that if he persisted in the objection that the plea agreement could be set aside and he could lose his credit for acceptance of responsibility. She testified that Cruz persisted in the objection despite her warning as to the consequences. The Court is convinced that Merritt is telling the truth, not Cruz. The Court finds that Merritt informed Cruz that if he maintained his objection to the quantity of methamphetamine for which he was being held responsible, contrary to his stipulation in the plea

agreement, he could lose his points for acceptance of responsibility. Merritt's performance in this regard was not deficient.

Cruz's other argument for ineffective assistance of counsel also fails. The plea agreement provided that neither party would seek any enhancements or reductions in the sentence under U.S.S.G. §§ 3B or 5K, other than those specifically set out in the agreement, and that neither party would seek a variance from the recommended guideline sentencing range at sentencing. Because the plea agreement prohibited Cruz from seeking a departure under § 5K3.1 or a variance, Merritt was not ineffective for failing to seek such a departure or variance for him.

Cruz also claims that the Court violated his rights to due process at sentencing because the Court did not take into account the additional time that he will serve in prison as a result of his status as an illegal alien. That issue could have been raised on direct appeal but was not. "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies equally when a conviction was entered pursuant to a guilty plea." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

## CONCLUSION

Cruz's argument that his lawyer was ineffective is without merit. Her performance was not deficient. Contrary to his claim, she informed him of the consequences of objecting to the quantity of methamphetamine for which he was held responsible. Moreover, Cruz stipulated in the plea agreement that he would not seek a departure under U.S.S.G. §§ 3B or 5K, other than those specifically set out in the agreement, and that he would not seek a variance, so Merritt's performance was not deficient when she failed to seek such a departure or variance on his behalf. Cruz's due process claim is barred because it could have been raised on direct appeal but was not.

Cruz's § 2255 motion is without merit and is denied. Because he has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability will issue.

IT IS SO ORDERED this 9th day of May, 2013.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE